UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CEDRIQUEZ McCAA, Petitioner | CIVIL DOCKET NO. 1:20-CV-991-P |
| VERSUS | JUDGE DRELL |
| UNITED STATES OF AMERICA, *ET AL.*, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by *pro se* Petitioner Cedriquez McCaa ("McCaa") (#13353-002). McCaa is an inmate in the custody of the Federal Bureau of Prisons incarcerated at the Federal Correctional Institution in Pollock, Louisiana. McCaa challenges his conviction and sentence for unlawful possession of a firearm.

Because McCaa does not meet the requirements of the savings clause of 28 U.S.C. § 2255(e), the § 2241 Petition (ECF Nos. 1, 5) should be DISMISSED for lack of jurisdiction.

I. Background

McCaa pleaded guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). *McCaa v. United States*, 2:16-CV-467, 2018 WL 7200664, at *1 (M.D. Ala. Dec. 7, 2018), *report and recommendation adopted*, 2019 WL 440587 (M.D. Ala. Feb. 4, 2019). A conviction under § 922(g)(1) normally carries no mandatory minimum penalty and a statutory maximum sentence of 10

years of imprisonment. 18 U.S.C. § 924(a)(2). However, the Armed Career Criminal Act ("ACCA") imposes a mandatory minimum sentence of 15 years of imprisonment when a defendant who violates § 922(g) has three prior convictions for either violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). McCaa's presentence investigation report ("PSI") indicated that he had numerous prior convictions, several for felony offenses. *See McCaa,* 2018 WL 7200664 at *1. Among McCaa's prior felony convictions were four 2003 convictions in Alabama for first-degree robbery; a 2003 Alabama conviction for discharging a firearm into an occupied building; and a 2003 Alabama conviction for third-degree burglary. *Id.*

At sentencing, the district court determined that McCaa had at least three prior qualifying convictions triggering application of the ACCA. Thus, the court sentenced McCaa 188 months in prison under the ACCA. *Id.* No appeal was filed.

McCaa filed a § 2255 motion arguing that his sentence was improperly enhanced under the ACCA because, under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), his prior Alabama convictions for first-degree robbery, discharging a firearm into an occupied building, and third-degree burglary do not qualify as "violent felonies" for purposes of the ACCA. *Id.* The district court found that an Alabama robbery conviction is categorically a violent felony under the ACCA's elements clause. Because McCaa had four prior robbery convictions that qualified as violent felonies, it did not decide whether his other convictions were considered violent felonies. *Id.* McCaa did not seek further review of the judgment.

McCaa has filed another § 2255 motion in the district court based on *Rehaif v. United States*, 139 S.Ct. 2191 (2019), which is also the basis of this § 2241 Petition.

## II.   Law and Analysis

A federal prisoner may challenge his sentence under either 28 U.S.C. §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

A § 2241 petition may be filed by a prisoner challenging the manner in which his sentence is being executed. *See Reyes–Requena v. U.S.*, 243 F.3d 893, 900–01 (5th Cir. 2001) (citing *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000)). In contrast, a § 2255 motion should be used to vacate, set aside, or correct a sentence based on errors that occurred at or prior to sentencing. *See Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (citing *United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980)). Claims cognizable under § 2255 are broadly defined to include allegations that "judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law . . . or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable." 28 U.S.C. § 2255(b).

Section 2255 contains a "savings clause" provision, which is a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction. *See Pack*, 218 F.3d at 452. The clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner

bears the burden of affirmatively proving the inadequacy of § 2255. *See McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).

The requirements of the savings clause of § 2255(e) were established in *Reyes–Requena*. A petitioner must demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition. *See Reyes–Requena*, 243 F.3d at 904; *Robinson v. United States*, 812 F.3d 476, 477 (5th Cir. 2016).

McCaa argues that he may proceed under the savings clause because *Rehaif* announced a new rule of statutory law that applies retroactively. In *Rehaif*, the petitioner was an alien who entered the country on a nonimmigrant student visa to attend college, but was dismissed for poor grades. *Rehaif*, 139 S.Ct. at 2194. The university told the petitioner that his "immigration status" would be terminated unless he transferred to a different university or left the country. *Id.* The petitioner subsequently visited a firing range, where he shot two firearms. After learning of the petitioner's visit to the firing range, the Government prosecuted him for possessing firearms as an alien unlawfully present in the United States under § 922(g) and § 924(a)(2). After being convicted, the United States Supreme Court ultimately granted certiorari and held that, in a prosecution under § 922(g), the Government

must prove that a defendant knows of his status as a person barred from possessing a firearm. *Id.* at 2195.

Although the Supreme Court and the Fifth Circuit have not addressed whether *Rehaif* applies retroactively in § 2255 or § 2241 cases on collateral review, the Eleventh Circuit and numerous district courts—including courts within the Fifth Circuit—have determined that *Rehaif* is not retroactively applicable in either instance. *See* In re *Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (holding that *Rehaif* was not made retroactive to cases on collateral review); *Helm v. United States*, 2:19-CV-00306, 2020 WL 4480868, at *3 (S.D. Tex. June 30, 2020), *report and recommendation adopted*, 2020 WL 4470399 (S.D. Tex. Aug. 4, 2020) (*Rehaif* does not apply retroactively to satisfy the savings clause; collecting cases); *Hobgood v. United States*, 4:20-CV-1, 2020 WL 710149, at *2 (E.D. Tenn. Feb. 12, 2020) (*Rehaif* does not apply retroactively on collateral review); *Hunter v. Quintana*, 5:19-CV-300, 2020 WL 50399, at *2 (E.D. Ky. Jan. 3, 2020) (same); *Nixon v. United States*, 4:19-CV-747, 2019 WL 6498088, at *3 (N.D. Tex. Dec. 3, 2019) (same); *Robbins v. Warden, FCI Beaumont*, 1:19-CV-388, 2019 WL 5596829, at *1 (E.D. Tex. Oct. 30, 2019) (Petitioner cannot meet requirements of *Reyes-Requena* through *Rehaif*); *Moss v. Dobbs*, 8:19-CV-02280, 2019 WL 7284989, at *7 (D.S.C. Sept. 23, 2019), *report and recommendation adopted*, 2019 WL 5616884 (D.S.C. Oct. 31, 2019); *Velez v. Paul*, 3:19-CV-478, 2020 WL 6142433, at *2 (S.D. Miss. Sept. 28, 2020), *report and recommendation adopted*, 2020 WL 6142251 (S.D. Miss. Oct. 19, 2020). Because

*Rehaif* is not retroactively applicable to cases on collateral review, McCaa cannot meet the first requirement of the savings clause.

Moreover, even if *Rehaif* applied retroactively, McCaa's claim would still fail. *Rehaif* would not establish that McCaa was actually innocent, and it did not decriminalize the conduct for which he was convicted. Instead, it addressed the Government's burden of proof. *Williams v. Underwood*, 3:19-CV-2043-M (BT), 2020 WL 1866895, at *2 (N.D. Tex. Mar. 17, 2020), *report and recommendation adopted*, 2020 WL 1862576 (N.D. Tex. Apr. 14, 2020).

*Rehaif* requires that a defendant possessed a firearm while being actually aware of his "relevant status," meaning that he knew that he was "a felon, an alien unlawfully in this country, or the like." *Rehaif*, 139 S. Ct. at 2195-96. Federal courts have interpreted the Supreme Court's holding in this manner and have "squarely rejected the notion that *Rehaif* requires that a defendant know that he was prohibited from possessing a firearm as a result of that status." *See Walker v. Quintana*, 5:19-CV-321, 2019 WL 6310722, at *2 (E.D. Ky. Nov. 25, 2019) (citing *United States v. Bowens*, 938 F. 3d 790, 797 (6th Cir. 2019); *see also Gray v. United States*, 3:19-CV-607, 2020 WL 127646, at *3 (M.D. Tenn. Jan. 10, 2020) ("While *Rehaif* was in a situation where a reasonable person could be confused about his immigration status, Gray can make no such argument about the status of his prior felony conviction."). McCaa does not allege or even suggest that he did not know of his status as a felon. As the Fifth Circuit has noted:

> Convicted felons typically know they're convicted felons. And they know the Government would have little trouble proving that they knew. So it

is hard to imagine how their conviction or guilty plea was prejudiced by any error under *Rehaif*. As Justice Alito put it: "Juries will rarely doubt that a defendant convicted of a felony has forgotten that experience, and therefore requiring the prosecution to prove that the defendant knew that he had a prior felony conviction will do little for defendants." *Rehaif*, 139 S. Ct. at 2209 (Alito, J., dissenting).

*United States v. Lavalais*, 960 F.3d 180, 184 (5th Cir. 2020).

### III. Conclusion

Because McCaa does not meet the requirements of the savings clause of § 2255(e), IT IS RECOMMENDED that the § 2241 Petition (ECF Nos. 1, 5) be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of McCaa's claim.[1]

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

---

[1] *Pack*, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without prejudice* regarding all other issues."); *Reed v. Young*, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

SIGNED on Thursday, November 5, 2020

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE